**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dan Felix CECIL, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lynn Richard JOHNSON,
Defendant–Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Randy Darrell THOMAS,
Defendant–Appellant.**

**Nos. 78–2797, 78–3150 and 78–3154.**

United States Court of Appeals,
Ninth Circuit.

Nov. 27, 1979.

David S. Hoffman, Hoffman, Anderson & Brown, Tucson, Ariz., William J. Friedl, Bendalin, Galasky & Friedl, Phoenix, Ariz., for defendants-appellants.

Rhonda L. Repp, Asst. U. S. Atty., Tucson, Ariz., argued, for plaintiff-appellee; Jon R. Cooper, Asst. U. S. Atty., Tucson, Ariz., on brief.

Before HUFSTEDLER and CHOY, Circuit Judges, and WOLLENBERG *, District Judge.

PER CURIAM:

Appellants Cecil, Johnson, and Thomas challenge the validity of their criminal convictions. They allege that the insufficiency of the underlying Grand Jury indictment and other problems at their trial not pertinent to this decision require the reversal of their conviction. We reverse due to the insufficiency of the indictment.

On May 23, 1978, the Grand Jury charged defendants and others with conspiring to commit offenses in violation of certain fed-eral statutes relating to the importation and distribution of marihuana. The indictment reads as follows:

## COUNT I

That beginning on or before July, 1975, and continuing thereafter until on or after October, 1975, within the District of Arizona and elsewhere, LEONARD SILAS JOHNSON, FELIX DAN CECIL, DONALD LEE SCHAFFER, IVA LEE THUNDERCLOUD, LYNN RICHARD JOHNSON, RANDY DARRELL THOMAS, WARREN ARTHUR HAGGARD, KENNY ROBERT JAMES, SILAS BLAINE JOHNSON, TONY JOHNSON, and LIONEL JOHNSON, named herein as defendants and co-conspirators, did knowingly and intentionally conspire and agree together and with each other and with various other persons both known and unknown to the Grand Jury, to commit offenses in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

It was the object of said conspiracy that large quantities of marihuana, a Schedule I controlled substance, would be imported into the United States of America from Mexico by one or more of the co-conspirators in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

All in violation of Title 21, United States Code, Section 963.

## COUNT II

That beginning on or before July, 1975, and continuing thereafter until on or after October, 1975, in the District of Arizona and elsewhere, LEONARD SILAS JOHNSON, FELIX DAN CECIL, DONALD LEE SCHAFFER, IVA LEE THUNDERCLOUD, LYNN RICHARD JOHNSON, RANDY DARRELL THOMAS, WARREN ARTHUR HAGGARD, KENNY ROBERT JAMES, SILAS BLAINE JOHNSON, TONY JOHNSON,

* The Honorable Albert C. Wollenberg, United States District Judge for the Northern District of California, sitting by designation.

and LIONEL JOHNSON, named herein as defendants, did knowingly and intentionally conspire and agree together and with each other and with various other persons both known and unknown to the Grand Jury to commit offenses in violation of Title 21, United States Code, Section 841(a)(1).

It was the object of said conspiracy that one or more of the co-conspirators would possess with intent to distribute and would distribute quantities of marihuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title, 21, United States Code, Section 846.

A jury found appellant Cecil guilty on both Counts and appellants Johnson and Thomas guilty on only Count II.

The appellants all raised timely challenges to the indictment proffering motions to dismiss based upon the indictment's insufficient factual precision. The trial judge recognized the validity of these claims, commenting that, "this sort of indictment goes far beyond the leeway afforded by the Ninth Circuit." Reporter's Transcript, November 6, 1978, at 23 [hereinafter "R.T."]. However, initially indicating that the requested bill of particulars would remedy the indictment's defects (R.T. at 23) and later deciding that the Government's "open file" discovery did remedy these problems (Record at 352), the court denied appellants' motion to dismiss.

■ We begin our analysis stating the established rule that a bill of particulars cannot save an invalid indictment. *Russell v. United States,* 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *United States v. Keith,* 605 F.2d 462, 464 (9th Cir. 1979); *United States v. Nance,* 174 U.S.App.D.C. 472, 474, 533 F.2d 699, 701 (D.C. Cir. 1976). The very purpose of the requirement that a man be indicted by a grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge. *Russell v. United States,* 369 U.S. at 771, 82 S.Ct. 1038 (citing *Stirone v. United States,* 361 U.S. 212, 218, 80 S.Ct. 270, 4 L.Ed.2d

252 (1960)). If a bill of particulars were allowed to save an insufficient indictment, the role of the grand jury as intervenor would be circumvented. Rather than the assurance that a body of fellow citizens had assessed the facts and determined that an individual should face prosecution, the prosecutor would be in a position to second guess what actually happened within the grand jury and fill in the gaps with what he assumed transpired. The protection of a significant check on the power of the courts and prosecutors would thus be lost. For similar reasons, 'open file' discovery cannot cure an invalid indictment. Thus, the trial judge's stated reasons for denying the motion to dismiss were in error, and we must now determine the validity of this indictment.

■ This inquiry must focus upon whether the indictment provides "the substantial safeguards" to criminal defendants that indictments are designed to guarantee. *Russell v. United States,* 369 U.S. at 763, 82 S.Ct. 1038. Pursuant to this purpose, an indictment must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge. *Russell v. United States,* 369 U.S. at 763, 768 n. 15, 771, 82 S.Ct. 1038; *United States v. Keith,* 605 F.2d at 464; *United States v. Pheaster,* 544 F.2d 353, 360 (9th Cir. 1976), *cert. denied,* 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977). To perform these functions, the indictment must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the specific offense with which he is charged. *Hamling v. United States,* 418 U.S. 87, 117–18, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

■ The present indictment is a rather barren document. Aside from tracking the language of the pertinent statutes in setting out the elements of the offenses with which defendants were charged, the indict-

ment makes only two specific allegations concerning the conspiracies. It states that the conspiracies occurred in Arizona, Mexico, and elsewhere and offers the names of some of the alleged co-conspirators. The indictment fails to state any other facts or circumstances pertaining to the conspiracy or any overt acts done in furtherance thereof. More importantly, the indictment fails to place the conspiracies within any time frame. The language "beginning on or before July, 1975, and continuing thereafter until on or after October, 1975," is open-ended in both directions.

In view of these deficiencies, we find that the indictment fails to allege sufficient facts to facilitate the proper preparation of a defense and to ensure that the defendants were prosecuted on facts presented to the Grand Jury. This indictment clearly lacked a statement of the facts and circumstances that would inform the accused of the specific offenses with which they were charged. *See Hamling v. United States,* 418 U.S. at 117–18, 94 S.Ct. 2887. In addition, the insufficiency of this indictment raises a problem described recently by another panel of this Court:

> To allow a prosecutor or court to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection that the grand jury was designed to secure, because a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him. [Cites omitted.]

*United States v. Keith,* 605 F.2d at 464; *see also United States v. Nance,* 533 F.2d at 701. The glaring lack of factual particularity of this indictment thus runs afoul of two key functions of indictments.

We view this decision as consistent with the case law in this area. Our decision is predicated upon the absence of any factual particularity within the indictment. Although indictments have been upheld that are not factually precise, *see, e. g., Wong Tai v. United States,* 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *United States v. Giese,* 597 F.2d at 1170, 1178 (9th Cir. 1979); *United States v. Pheaster,* 544 F.2d at 360, a perusal of all of these cases indicates that the indictments in question contained more extensive factual allegations than found here. Similarly, the fact that an indictment may have tracked the language of the statute will not render it valid if it fails to allege an essential element of the offense or the minimum facts required to fulfill the purposes of indictments. *Cf. United States v. Keith,* 605 F.2d 464; *United States v. Curtis,* 506 F.2d 985, 990 (10th Cir. 1974) (holding that the indictment's failure to identify with any particularity the nature of the alleged scheme to defraud rendered the indictment fatally defective).

The requirement that an indictment contain a few basic factual allegations accords defendants adequate notice of the charges against them and assures them that their prosecution will proceed on the basis of facts presented to the grand jury. Such a requirement is neither burdensome nor unfair to the prosecuting authorities.

Accordingly, we reverse.