**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Rose Quave GILES,**
**Defendant-Appellant.**

**No. 84–4543**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 28, 1985.

Samuel H. Wilkins, Jackson, Miss., for defendant-appellant.

George Phillips, U.S. Atty., Ruth R. Harris, Jackson, Miss., for plaintiff-appellee.

Before CLARK, Chief Judge, RANDALL, and GARWOOD, Circuit Judges.

PER CURIAM:

In this appeal from a judgment and conviction pursuant to a guilty verdict, Rose Quave Giles attacks the sufficiency of the conspiracy indictment on which she was tried. The district court rejected Giles's motion to dismiss the indictment, as well as her motion for a judgment of acquittal at the close of the government's case. We affirm.

## I

Giles was charged with conspiring to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) & 846. At trial, the government presented witnesses who testified that they had purchased the substances from Giles. The jury found Giles guilty. The indictment had charged Giles with conspiring to distribute marijuana, cocaine, and quaaludes "on or about April, 1981, and continuing through August, 1982, in Harrison County, in the Southern Division of the Southern District of Mississippi, and elsewhere." Giles contends that the indictment was impermissibly vague as to the time and place of the offense charged.

## II

Giles's first contention is that the indictment is insufficient because: (1) it uses the phrase, "on or about"; and (2) it fails to allege precise dates for the operative period of the conspiracy. Giles relies on *United ed States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979), to support her argument.

In *Cecil*, the United States Court of Appeals for the Ninth Circuit rejected an indictment that alleged conspiracies which began "on or before July, 1975," and continued until "on or after October, 1975." *Id.* at 1297. In *United States v. McCown*, 711 F.2d 1441, 1450 (9th Cir.1983), the Ninth Circuit explained that the indictment in *Cecil* was insufficient because the phrases, "on or before" and "on or after," expanded the time frame of the conspiracy indefinitely. The court in *McCown* specifically approved the use of "on or about" to establish the dates of the criminal activity charged there. *Id.* Moreover, in *United States v. Hultgren*, 713 F.2d 79, 89 (5th Cir.1983), we approved an indictment that alleged a conspiracy which began "on or before February 25, 1982," and continued until "on or about March 2, 1982." Both the Ninth Circuit and this court, therefore, have approved the use of the phrase, "on or about." The phrase did not render Giles's indictment impermissibly vague.

We also reject the second part of Giles's argument—that the indictment was insufficient because it failed to allege precise dates for the conspiracy. In *United States v. Sutherland*, 656 F.2d 1181 (5th Cir.1981), *cert. denied*, 455 U.S. 949, 991, 102 S.Ct. 1451, 1617, 71 L.Ed.2d 663 (1982), we approved an indictment that alleged dates in language substantially similar to that used here. The indictment in *Sutherland* charged the defendants with criminal acts "that occurred between November 1975 and January 1980." 656 F.2d at 1197. "Within reasonable limits, the precise date of the offense is not required." *Hultgren*, 713 F.2d at 89 (citing *United States v.*

*Tunnell,* 667 F.2d 1182, 1186 (5th Cir. 1982)).

## III

Giles challenges the use of the phrase, "and elsewhere," to describe the location of the conspiracy, and again relies on *Cecil* to support her argument. The indictment rejected by the Ninth Circuit in *Cecil* alleged conspiracies in "Arizona, Mexico, and elsewhere." *Id.* at 1297. The Ninth Circuit did not state that the geographic description was inadequate, however, or that the use of "and elsewhere" created any deficiency in the indictment. In fact, the court implied that the geographic description was sufficient by referring to the description as one of "only two specific allegations concerning the conspiracies." *Id.* Moreover, other courts have approved indictments containing the "and elsewhere" language. *See, e.g., United States v. Roman,* 728 F.2d 846, 853 (7th Cir.) ("Central District of Illinois and elsewhere"), *cert. denied,* —— U.S. ——, 104 S.Ct. 2360, 80 L.Ed.2d 832 (1984); *United States v. Yonn,* 702 F.2d 1341, 1348 (11th Cir.) ("Northern District of Florida and elsewhere"), *cert. denied,* —— U.S. ——, 104 S.Ct. 283, 78 L.Ed.2d 261 (1983).

■■■ An indictment is not impermissibly vague if it informs the defendant of the charge against her and enables her to raise a double jeopardy defense in any future prosecution for the same offense. *Yonn,* 702 F.2d at 1348 (citing *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974)). The present indictment sufficiently located the offense by charging Giles with criminal activity "in Harrison County, in the Southern Division of the Southern District of Mississippi, and elsewhere." In view of the use of the conjunctive, "and," no conspiracy that was unconnected with the activity in Harrison County could be charged or proved. The description was sufficient to enable Giles to prepare her defense, and to enable her to plead double jeopardy against any later prosecution for the same offense.

AFFIRMED.