56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard J. LESTER, Defendant-Appellant.
 No. 94-10316.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1995.
Decided June 2, 1995.
 
 Before: CUMMINGS*, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard J. Lester appeals his conviction and sentence for conspiracy in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(A)(ii) and 846, and 18 U.S.C. Sec. 2. We have jurisdiction, 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 * Lester contends that the second superseding indictment charging him with conspiracy is "defective on its face" since it leaves an open ending date. See United States v. Cecil, 608 F.2d 1294 (9th Cir. 1979); United States v. Laykin, 886 F.2d 1534 (9th Cir. 1989), cert. denied, 496 U.S. 905 (1990). Because no objection to the indictment's validity was made before trial as Fed. R. Crim. P. 12(b)(2) requires, we review for plain error. United States v. Calabrese, 825 F.2d 1342, 1347 (9th Cir. 1987); cf. United States v. Baker, 25 F.3d 1452, 1456 (9th Cir. 1984) (involved issue of law, not an issue that must be the subject of a pretrial motion under Rule 12(b)). There is none, as there is no showing that the prosecution could not have obtained a superseding indictment which would have cured the defect, see United States v. James, 980 F.2d 1314, 1317-18 (9th Cir. 1992) (rejecting challenge to sufficiency of indictment where no pretrial objection was made because defendant could easily have resolved any problems in the indictment by filing an appropriate pretrial motion), or that Lester's defense was in any way hindered. United States v. Olano, 113 S. Ct. 1770 (1993).
 
 II
 
 4
 Lester raises a number of issues having to do with whether the evidence supports a finding of one, or multiple, conspiracies. Each fails, given our view that the evidence shows a single conspiracy. Lester worked with Dan Ricke, and dealt with Henrich, both buying marijuana and shipping Henrich seeds, until Henrich sold his business to Tom Ricke, Dan's brother, with whom Lester continued to deal. Before that, Henrich distributed through Tom Ricke in the Midwest. Whether or not Lester knew that Tom Ricke was involved before he took over Henrich's business, he benefitted from the success of the entire operation. United States v. Shabani, 48 F.3d 401, 403 (9th Cir. 1995). "A single conspiracy may include subgroups or subagreements," United States v. Patterson, 819 F.2d 1495, 1502 (9th Cir. 1987), and "[a] mere change in participants and a lapse of time, without more, are insufficient to support a finding of multiple conspiracies." United States v. Taren-Palma, 997 F.2d 525, 530 (9th Cir. 1993), cert. denied, 114 S. Ct. 1648 (1994). A rational trier of fact could, therefore, have found a single conspiracy beyond a reasonable doubt. United States v. Bibbero, 749 F.2d 581, 586-87 (9th Cir. 1984), cert. denied, 471 U.S. 1103 (1985). Accordingly, there was no variance, no insufficiency of the evidence, and no error in denying Lester's motion for acquittal.
 
 III
 
 5
 Likewise, the evidence was sufficient to support forfeiture of $2,500,000 in proceeds pursuant to 21 U.S.C. Sec. 853(a) or substitute property under Sec. 853(p). The jury's special verdict was supported by evidence of the large amount of marijuana shipped and sold in the conspiracy; what McNear, Harback, Smith and Blizzard were paid for their services; and by Henrich's testimony that he "netted" four or five million dollars during the conspiracy.[1]
 
 IV
 
 6
 Lester next argues that the government tainted the factfinding process in violation of the Due Process Clause by threatening certain witnesses with long sentences, permitting them to review Henrich's affidavit before making statements, and arranging joint representation of defendants. Even if there were misconduct, Lester has failed to show either that the issue was preserved for appeal (no objection was made in the district court), or that he was prejudiced. Evidence of the facts underlying the charges of misconduct was before the jury. Accordingly, there is no reversible error. United States v. Berry, 627 F.2d 193, 196-97 (9th Cir. 1980), cert. denied, 449 U.S. 1113 (1981).
 
 V
 
 7
 The district court neither abused its discretion nor violated Lester's Sixth Amendment rights by precluding testimony by a defense witness about threats by his probation officer to cooperate with the DEA. As the court found, the proffered evidence was collateral and irrelevant: Savio was not a government witness and his testimony had nothing to do with Lester's defense. By the same token, even if his testimony would have been admissible under Fed. R. Evid. 404(b) as evidence of a "systematic plan or scheme on the part of law enforcement officers to coerce or intimidate witnesses," it was cumulative.
 
 VI
 
 8
 Lester also argues that the district court plainly erred by failing to give a sufficiently specific unanimity instruction. As we have explained, the evidence supported a finding of a single conspiracy, therefore Lester's reliance on United States v. Anguiano, 873 F.2d 1314, 1319-20 (9th Cir.), cert. denied, 493 U.S. 969 (1989), is misplaced. In any event, the court properly instructed the jury on multiple conspiracies and unanimously agreeing on an overt act. No other instructions were requested, and there is no basis for surmising that the jury's request for documentary material indicated confusion about the existence of multiple conspiracies. Cf. United States v. Echeverry, 719 F.2d 974, 975 (9th Cir. 1983) (jury asked the judge during deliberations if it could consider existence of more than one conspiracy).
 
 
 9
 United States v. Payseno, 782 F.2d 832 (9th Cir. 1986), upon which Lester relies, is distinguishable. In Payseno, a single count charged three wholly separate crimes, and the instructions contained no requirement that all jurors agree that Payseno had committed the same crime to find that count satisfied. Id. at 835-36. Here, there is no genuine possibility that the jury convicted without agreeing on at least one overt act because, unlike Payseno, the trial court specifically told the jury they all had to agree on at least one overt act.
 
 VII
 
 10
 Lester's argument that his base offense level was incorrectly calculated because he cannot be held responsible for multiple conspiracies fails for reasons we have already stated.
 
 
 11
 Lester's contention that his sentence was erroneously enhanced under U.S.S.G. Sec. 3B1.1 because he didn't supervise anyone also fails since an enhancement may be warranted where the defendant who did not supervise another participant nevertheless "exercised management responsibility over the property, assets, or activities of a criminal organization." U.S.S.G. Sec. 3B1.1, comment. (n.2). Evidence that Lester was a decisionmaker and that he coordinated the procurement and distribution of drugs supports the district court's decision. United States v. Avila, 905 F.2d 295, 299 (9th Cir. 1990).
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We do not consider Lester's argument that the government had a burden, which it failed to carry, of showing that the currency itself could not be forfeited for reasons set out in Sec. 853(p) in order to forfeit substitute property because it was made for the first time in his reply brief