UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ALBERT NEWTON COOMBS, a/k/a
Johnny,
*Defendant-Appellant.*

No. 99-4951

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

WINDELL JOSEPH ROBINSON, a/k/a
Windell Robinson Stine,
*Defendant-Appellant.*

No. 00-4008

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MICHAEL SHIRLEY, a/k/a Winston
Freeman,
*Defendant-Appellant.*

No. 00-4243

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-99-69)

Submitted: November 30, 2000

Decided: January 2, 2002

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

---

No. 99-4951 affirmed in part and vacated and remanded in part, No. 00-4008 affirmed, and No. 00-4243 affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

---

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina; J. David James, SMITH, JAMES, ROWLETT & COHEN, L.L.P., Greensboro, North Carolina; Anne R. Littlejohn, Greensboro, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

A jury convicted Albert Newton Coombs, Windell Joseph Robinson, and Michael Shirley of conspiracy to distribute cocaine and crack cocaine. Shirley was also convicted of illegal reentry by a deported alien. All of the Appellants argue on appeal that the indictment was deficient, that the district court erred by denying their motions for judgments of acquittal, and that the district court should have submitted the issue of drug amounts to the jury in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In addition, Coombs and Robinson allege that the district court erred in its calculation of the amount of drugs attributable to them; Robinson and Shirley allege that the dis-

trict court erred by rejecting their guilty pleas; Coombs alleges that the court erred by enhancing his base offense level for obstruction of justice;[1] and Robinson alleges that the court erred by enhancing his base offense level for possession of a firearm.[2] We affirm Appellants' convictions and Robinson's sentence, but we vacate Coombs' and Shirley's sentences and remand for resentencing.

The basic facts of this case are relatively straightforward. Appellants were involved in the wide-scale distribution of cocaine and crack cocaine in the Winston-Salem, North Carolina, area. The record shows that Appellants made frequent trips to Florida to purchase large quantities of powder cocaine, a portion of which was later converted to crack. Most of the testimony concerning Appellants' drug activities came from individuals who were customers.

Appellants allege for the first time on appeal that the indictment was deficient because it did not place the conspiracy within a specific time frame. Because this issue was not raised before the district court, our review is for plain error, and we find none. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). The indictment charged Appellants with engaging in a conspiracy to distribute cocaine and crack cocaine "[f]rom in or about 1996, up to and including June, 1997, the exact dates to the Grand Jurors unknown." Exact specificity is not required when, as here, the dates are not an element of the offense. *See United States v. Kimberlin*, 18 F.3d 1156, 1159 (4th Cir. 1994). Moreover, Appellants have failed to show how they were prejudiced in presenting their defense as a result of the dates listed in the indictment.[3]

Appellants next argue that the district court erred in denying their motions for judgment of acquittal under Fed. R. Crim. P. 29. The

---

[1] *U.S. Sentencing Guidelines Manual* § 3C1.1 (2000).

[2] USSG § 2D1.1(b)(1).

[3] We also find that Appellants' reliance on *United States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979), is misplaced for several reasons. First, the defendants in *Cecil* challenged the indictment before the district court. Therefore, the standard of review was different. Second, the indictment in *Cecil* was completely open-ended on both ends. Finally, the indictment in *Cecil* was found to be deficient on numerous levels.

standard of review for deciding a Rule 29 motion is "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). In determining the issue of substantial evidence, we neither weigh the evidence nor consider the credibility of witnesses. *United States v. Arrington*, 719 F.2d 701, 704 (4th Cir. 1983). In the present case, investigators and customers testified in depth concerning Appellants' drug activities. While the defense presented testimony, including Coombs', the jury resolved the credibility issues in the Government's favor. As a result, we find that there was substantial evidence to support the jury's verdict, and the district court properly denied Appellants' Rule 29 motions.

Robinson and Shirley contend that the district court erred in rejecting their guilty pleas. We review the district court's decision to reject Robinson's and Shirley's guilty pleas for an abuse of discretion and find none. *United States v. Morrow*, 914 F.2d 608, 611 (4th Cir. 1990). A defendant has "no absolute right to have a guilty plea accepted." *Santobello v. New York*, 404 U.S. 257, 260-61 (1971). In the present case, Shirley made numerous statements to the effect that he was not guilty of the charges as being presented by the Government. Robinson denied distributing crack cocaine. He also made statements which suggested a misunderstanding of the sentencing process and the applicable burdens of proof. Accordingly, we affirm Appellants' convictions.

We now turn to the various sentencing and *Apprendi* claims raised in this appeal. First, appellants claim that their sentences are infirm under *Apprendi* because drug quantity was not charged in the indictment or submitted to the jury. The Supreme Court held in *Apprendi* that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Factors, such as drug amounts, which support a particular sentence within the statutory range may be determined by a preponderance of the evidence. *Id.* at 485-87.

Because Appellants did not raise this challenge to their sentences before the district court, they may only do so on appeal if they can

demonstrate plain error. *United States v. Angle*, 254 F.3d 514, 517 (4th Cir.) (en banc) (citing Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993)), *cert. denied*, 122 S. Ct. 309 (2001). Consequently, in order to prevail on appeal, Appellants must demonstrate that: (1) the specific threshold drug quantities necessary for conviction under the aggravated drug trafficking offenses in 21 U.S.C.A. §§ 841(b)(a)(A), (B) (West 2000) were not charged in the indictment or were not submitted to the jury; (2) their resulting sentences were in excess of the statutory maximum otherwise available under § 841(b)(1)(C); (3) sentencing in this manner affected their substantial rights; and (4) this court should notice that error. *United States v. Promise*, 255 F.3d 150, 156-57, 160-61 (4th Cir. 2001) (en banc), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398).

Applying the plain error analysis to Coombs, we find his sentence must be vacated in light of *Apprendi*. Pursuant to § 841(b)(1)(C), Coombs was exposed to a total statutory maximum prison term of twenty years. *United States v. Angle*, 254 F.3d at 518-19. Because the imposed 360-month sentence exceeds the applicable statutory maximum of twenty years, the error is plain. *Promise*, 255 F.3d at 156-57. With respect to the third prong of the plain error inquiry, we have found that a sentence in excess of the authorized statutory maximum to which a defendant would not otherwise be subject affects his substantial rights. *Id.* Finally, we recently determined that when the sentence imposed is defective due to a fatal error in the indictment, as is the case here, this court should notice the error. *United States v. Cotton*, 261 F.3d 397, 403-04 (4th Cir. 2001), *petition for cert. filed*, Oct. 31, 2001 (No. 01-687). We therefore vacate Coombs' sentence, and remand to the district court for re-sentencing.[4]

We likewise vacate Shirley's life sentence and remand for resentencing. However, because Shirley has a prior drug felony conviction and because the Government filed the proper information with the district court pursuant to 21 U.S.C. § 851 (1994), his statutory maximum sentence under § 841(b)(1)(C) is thirty years. Shirley is also

---

[4]In light of our order remanding Coombs' case for resentencing, we decline to address at this time his claims that the district court improperly calculated the amount of drugs attributable to him and that the court erred by enhancing his base offense level for obstruction of justice.

exposed to a statutory maximum sentence of twenty years based on his conviction for illegal reentry by a deported alien. Thus, on remand, Shirley's total statutory maximum sentence is fifty years. *Angle*, 254 F.3d at 518-19; *United States v. White*, 238 F.3d 537, 542-43 (4th Cir.), *cert. denied*, 121 S. Ct. 2235 (2001).

Because Robinson's sentence (210 months) did not exceed the statutory maximum under § 841(b)(1)(C), Robinson's sentence is free of *Apprendi* error. *United States v. Kinter*, 235 F.3d 192, 200-01 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001). In addition to his *Apprendi* arguments, however, Robinson also challenges his sentence on the ground that the district court's determination of the amount of drugs attributable to him was incorrect. We will uphold the district court's factual determination concerning the amount of drugs attributable to Robinson absent clear error. *United States v. Lamarr*, 75 F.3d 964, 972 (4th Cir. 1996). Robinson's primary argument at sentencing (and now on appeal) was that certain witnesses' statements were not credible or reliable. The district court resolved this issue against him, and we find nothing in the record which would justify overturning the court's factual findings. *See United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994) (district court's credibility determinations are entitled to great deference). As a result, we find that Robinson failed to meet his burden of showing that the information in the presentence report concerning the amount of drugs attributable to him was inaccurate. *See United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990).

Finally, Robinson challenges the district court's application of a firearm enhancement pursuant to USSG § 2D1.1(b)(1). The Government need only prove by a preponderance of the evidence that the firearms enhancement is applicable, and the district court's factual determinations must be upheld unless they are clearly erroneous. *See United States v. Urrego-Linares*, 879 F.2d 1234, 1237-38 (4th Cir. 1989). In addition, "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3). In the present case, we find that the district court properly applied the enhancement. A witness testified that she saw Coombs possess a handgun. We find it reasonably foreseeable to Robinson that his co-conspirator would possess weapons, especially given the fact that the conspirators dealt in large amounts of cash and drugs. This is particu-

larly true in this case, where there was evidence that Robinson told a person trying to sell Appellants rifles that they had enough rifles but needed more handguns.

Accordingly, we affirm Appellants' convictions and Robinson's sentence. We vacate Coombs' and Shirley's sentences and remand with instructions for the district court to sentence them in accordance with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

No. 99-4951 - *AFFIRMED IN PART AND VACATED AND REMANDED IN PART*

No. 00-4008 - *AFFIRMED*

No. 00-4243 - *AFFIRMED IN PART AND VACATED AND REMANDED IN PART*