UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                          No. 03-4324

ALBERT NEWTON COOMBS,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-99-69)

Submitted: October 3, 2003

Decided: October 17, 2003

Before WILLIAMS, LUTTIG, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

J. David James, SMITH, JAMES, ROWLETT & COHEN, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Albert Newton Coombs was convicted in 1999 of conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846 (2000). His conviction was affirmed on appeal, but his 360-month sentence was vacated and his case was remanded for resentencing in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *United States v. Coombs*, No. 99-4951 (4th Cir. Jan. 2, 2002) (unpublished). On remand, the district court determined that Coombs was responsible for distributing more than nine kilograms of crack and imposed the statutory maximum sentence of 240 months imprisonment. 21 U.S.C. § 841(b)(1)(C) (2000). In this appeal, Coombs challenges the district court's determination of the drug quantity attributed to him. We affirm.

The indictment charged a conspiracy extending from "in or about 1996, up to and including June 1997, the exact dates . . . unknown." The district court found that Coombs sold 315 ounces (8.93 kilograms) of crack to Stephen Bines between October 1996 and November 1998. Coombs was also held responsible for five ounces of crack that co-defendant Michael Shirley sold to Bines, and for smaller amounts sold to co-conspirator Winston Simpson by Coombs, Shirley, and Robinson. Because he was held responsible for more than 1.5 kilograms of crack, Coombs' base offense level was 38. *See U.S. Sentencing Guidelines Manual* § 2D1.1(c)(1) (2002) (1.5 kilograms of crack or more). Coombs contends that the crack he sold to Bines between October 1996 and November 1998 was not relevant conduct because this conduct was neither part of the charged conspiracy nor part of the same course of conduct or common scheme or plan as the offense of conviction.

The district court's determination of the quantity of drugs attributable to a defendant as relevant conduct is a factual question reviewed for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). We find no error here.

First, the sales to Bines were never separate from the charged conspiracy. Bines began buying crack from Shirley and Coombs in 1996

when the charged conspiracy was ongoing, and Bines continued to buy crack regularly from Coombs until November 1998. Bines testified that he met or was aware of a number of the others involved in the conspiracy and said that Coombs even invited Bines to transport drugs from Florida and explained how the drugs were hidden in the cars used. Moreover, the end date in an indictment does not determine when the actual conspiracy ended because a defendant "is presumed to continue in a conspiracy until he withdraws from the conspiracy by affirmative action." *United States v. Barsanti*, 943 F.2d 428, 437 (4th Cir. 1991) (citation omitted).

Even if Coombs were correct on this point, the crack sales to Bines would still be relevant conduct. For drug offenses, relevant conduct includes conduct that was part of the same course of conduct or common scheme or plan as the count of conviction. USSG § 1B1.3(a)(2). "Same course of conduct" and "common scheme or plan" are defined in Application Note 9 to § 1B1.3. Under Application Note 9(B), an offense may be part of the same course of conduct as the offense of conviction if it is part of "an ongoing series of offenses." Factors to be considered in making this determination are: "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.* Coombs' sales of crack to Bines easily meet this definition.

Coombs also argues that the quantities of crack he sold to Bines were not part of the offense of conviction because these amounts were not attributed to other members of the conspiracy for sentencing purposes. However, the calculation of Coombs' co-defendants' sentences is not relevant to the determination of the sentence in Coombs' case.

Finally, Coombs contests the 12.7 kilograms of cocaine powder attributed to him in the presentence report arguing that the testimony of witnesses Winston Simpson and Michelle Shelf was not sufficiently credible or reliable to support a finding that he was responsible for this amount of cocaine powder. This issue is moot because the district court did not make a finding concerning cocaine powder at Coombs' sentencing. In light of the court's determination that more than 1.5 kilograms of crack was properly attributed to Coombs— which gave him the highest possible base offense level of 38 under

§ 2D1.1—the quantity of cocaine powder Coombs distributed was immaterial.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*