**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Geoffrey A. CLARINE, aka**
**Underground, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Jabin Allen Whitlow, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellant,**

v.

**Geoffrey A. Clarine, aka Underground,**
**Defendant—Appellee.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Elsa Martina Arenas, Defendant—**
**Appellant.**

**Nos. 03–30168, 03–30292, 03–30293,**
**03–30212, 03–30169.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2005.

Decided July 7, 2005.

Monte Stiles, Esq., USBO–Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

C. Thomas Arkoosh, Esq., Gooding, ID, Terry S. Ratliff, Ratliff Law Offices, Chtd., Mountain Home, ID, Ellison Matthews, Matthews Law Offices, Boise, ID, for Defendant–Appellant.

Before: HUG, FERGUSON, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Appellants Geoffrey Clarine ("Clarine"), Elsa Arenas ("Arenas"), and Jabin Whitlow ("Whitlow") appeal their convictions and sentences. Appellee (the "Government") cross-appeals the District Court's dismissal of the conspiracy charge against Clarine.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Clarine contends that the District Court erred by (1) failing to dismiss the 18 U.S.C. § 924(c) firearm count against him after dismissing the underlying conspiracy count against him and (2) sentencing him to an extra twelve months imprisonment without the benefit of a jury finding of specific facts which would justify an upward departure.

Arenas contends that the District Court erred by (1) denying her motion to dismiss Count I of the Superseding Indictment against her, (2) refusing to admit evidence that she was acting under duress, (3) applying a firearm enhancement to her sentence and denying her request for a sentence reduction for minimal role in the offense, and (4) computing her base offense level by including drug transactions that she could not have reasonably foreseen.

Whitlow contends that the District Court erred by (1) denying his motion to dismiss Count I of the Superseding Indictment against him and (2) failing to dismiss the case against him due to the Government's failure to prove that the offenses occurred in Idaho.

Finally, the Government contends that the District Court erred in granting Clarine's motion to dismiss Count I of the Superseding Indictment.

We have jurisdiction under 28 U.S.C. § 1291. For the following reasons, we AFFIRM (1) the District Court's dismissal of the conspiracy charge as to Clarine, (2) the District Court's imposition of the 18 U.S.C. § 924(c) firearm count against Clarine, (3) the District Court's refusal to admit evidence that Arenas was acting under duress, (4) the District Court's refusal to dismiss Whitlow's case due to the Government's refusal to prove that offenses occurred in Idaho, and (5) the District Court's computation of Arenas's base offense level. We REVERSE the District Court's failure to dismiss Count I of the Superseding Indictment against Arenas and Whitlow. We VACATE Clarine's, Arenas's, and Whitlow's sentences and REMAND to the District Court for resentencing.

I.

We review de novo the sufficiency of an indictment. *United States v. Enslin,* 327 F.3d 788, 793 (9th Cir.2003).

Like the similarly worded conspiracy count in *United States v. Cecil,* 608 F.2d 1294, 1295–96 (9th Cir.1979), Count I of the Superseding Indictment here was fatally deficient because it lacked factual particularity.

■ First, the indictment alleging a conspiracy "[b]eginning on an unknown date, but existing at least between the dates of 1997 and the date of this Superseding Indictment," left an open-ended time frame. The phrase "at least between" modified both the beginning and end dates of the conspiracy. The date of the Superseding Indictment, May 15, 2002, is technically not the end date of the conspiracy since the conspiracy could well have continued beyond that date by unindicted conspirators. *See id.* (insufficiently alleging that the conspiracy "beg[an] on or before July, 1975" and "continu[ed] thereafter until on or after October, 1975").

Second, the indictment alleging a conspiracy to have taken place "within the District of Idaho and elsewhere" left an open geographical area. The alleged illegal drug ring could well have extended across and beyond Idaho's borders in uncertain locations. *See id.* at 1295 (insufficiently placing the conspiracy "within the District of Arizona and elsewhere").

Finally, the indictment naming "other persons, both known and unknown to the Grand Jury," left an open conspiracy ring. The alleged illegal drug ring could well

have included anyone who could have had any involvement in the conspiracy anywhere within the District of Idaho and elsewhere. *See id.* at 1296. (insufficiently naming "other persons both known and unknown to the Grand Jury").

## II.

The dismissal of the conspiracy count against Clarine does not affect the continuing viability of the firearm charge against him. *See United States v. Hunter,* 887 F.2d 1001, 1002 (9th Cir.1989) (holding that 18 U.S.C. § 924(c) does not require a defendant to be charged with or convicted of the underlying offense, so long as the underlying conduct is proven as an element of the firearm charge).

■ Clarine undertook activities in relation to drug trafficking crimes that were unrelated to the conspiracy set forth in Count I but that nonetheless warranted a firearm charge. For example, the record indicates that on at least two prior occasions he was found in possession of drug paraphernalia, that he used guns frequently in his drug business, and that his pistol whipping of his co-conspirator, Roy Coolidge, was due to an unrelated, unpaid drug debt resulting from an exchange of bad phosphorous used to cook methamphetamine. This evidence was sufficient to support the jury's finding that Clarine committed the underlying conduct necessary for conviction under section 924(c). *See Hunter,* 887 F.2d at 1003.

## III.

We review de novo the District Court's denial of Arenas's and Whitlow's motions to dismiss Count I of the Superseding Indictment. *See United States v. San Juan–Cruz,* 314 F.3d 384, 387 (9th Cir. 2002).

"Objections to defects in an indictment are never waived." *United States v. Pheaster,* 544 F.2d 353, 361 (9th Cir.1976)

(citations omitted); *see also* Fed.R.Crim.P. 12(b)(3)(B) ("[A]t any time while [a] case is pending, [a] court may hear a claim that [an] indictment ... fails to ... state an offense").

Arenas's and Whitlow's motions to dismiss Count I of the Superseding Indictment should have been granted. Clarine filed his Rule 7(c) motion challenging the sufficiency of his indictment on October 28, 2002, and Clarine, Arenas, and Whitlow did not go to trial until December 2002. The District Judge delayed deciding Clarine's Rule 7(c) motion until trial in part because the Government did not file a responsive briefing to Clarine's motion until after the jury had already been impaneled. Arenas and Whitlow orally joined in Clarine's Rule 7(c) motion on the fifth day of trial, January 3, 2003. At this juncture, the Government had not yet filed its responsive briefing to Clarine's Rule 7(c) motion, and the Fifth Amendment implications of an insufficient indictment clearly warranted Arenas's and Whitlow's immediate joinder. Thus, Arenas and Whitlow derived no strategic advantage in tardily joining Clarine's motion to dismiss, and the prejudice towards them was more than marginal. *Cf. United States v. Chesney,* 10 F.3d 641, 643 (9th Cir.1993) (liberally construing an indictment in favor of validity because a challenge to its sufficiency was made after the "point in the proceedings when it was too late for the government to remedy [the defective] indictment" and "any prejudice to the defendant's case would have been marginal at most").

## IV.

We review for an abuse of discretion exclusion of evidence under the hearsay rule. *United States v. Adamson,* 291 F.3d 606, 612 (9th Cir.2002).

■ Under Federal Rule of Evidence 803(3), statements made by a declarant are

only admissible to the extent they demonstrate the *declarant's* state of mind. Defense witnesses could not establish that the handwritten note on Arenas's bedroom wall was written by Arenas. The note could only demonstrate that someone documented some threat on the wall and not that Arenas participated in drug transactions under duress of her relationship with her husband Jaime.

## V.

We review de novo the question of whether venue was proper in a criminal proceeding. *United States v. Ruelas–Arreguin*, 219 F.3d 1056, 1059 (9th Cir.2000).

■ Because Whitlow's charged offenses contained no jurisdictional element, the Government needed only to establish proper venue by a preponderance of the evidence. *See United States v. Prueitt*, 540 F.2d 995, 1006 (9th Cir.1976). Evidence at trial demonstrated that Whitlow's alleged criminal conduct was committed in specific cities within the District of Idaho. The District Court noted that Homedale, Nampa, Caldwell, and Boise were all within the state of Idaho. *See Prueitt*, 540 F.2d at 1006 (judicial notice is appropriate to establish venue).

## VI.

■ There is no maximum statutory term for a crime pursuant to 18 U.S.C. § 924(c)(1)(A). It was within the District Judge's discretion, therefore, to impose on Clarine a 96–month sentence. Similarly, Arenas's 235–month sentence was within the range that could have been imposed even without the two-point firearms enhancement challenged on appeal. On the limited record before us, however, we cannot reliably determine whether the District Judge would have imposed materially different sentences under advisory guidelines and therefore must remand for resentencing. *See United States v. Ameline*, 409

F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

## VII.

We review for clear error the District Court's factual findings in the sentencing phase. *See, e.g., United States v. Rosacker*, 314 F.3d 422, 427 (9th Cir.2002) (manufacturing capability of drug operation is a factual issue reviewed for clear error).

■ The District Court did not clearly err in calculating Arenas's base offense level. The pre-sentence investigator concluded that Arenas's base offense level should be 36 based on her participation in drug transactions involving over 10,881.66 kilograms of marijuana. These transactions were ones which "[Arenas] [could] reasonably foresee[ ], was involved with[,] or for which she had direct knowledge." During sentencing, the District Judge agreed to reduce the quantity of drugs attributed to Arenas in one transaction, but then subsequently noted that "in every instance where a drug quantity was assessed against [Arenas], she was physically present when the drug was in her home and under circumstances in which it was quite clear that she knew the drugs were present." The one reduction did not alter Arenas's base offense level.

Thus, given the care with which the pre-sentence investigator delineated Arenas's drug transactions, and given the District Judge's willingness to reduce the quantity of drugs attributable to Arenas where justified, the District Court did not clearly err in confirming Arenas's base offense level at 36. Again, however, we cannot determine whether the sentence resulting from this base level calculation would have been materially different under advisory guidelines, so we remand for a determination consistent with *Ameline*, 409 F.3d at 1084–85.

## VIII.

For the foregoing reasons, we AFFIRM (1) the District Court's dismissal of the conspiracy charge as to Clarine, (2) the District Court's imposition of the 18 U.S.C. § 924(c) firearm count against Clarine, (3) the District Court's refusal to admit evidence that Arenas was acting under duress, (4) the District Court's refusal to dismiss Whitlow's case due to the Government's failure to prove that offenses occurred in Idaho, and (5) the District Court's computation of Arenas's base offense level. We REVERSE the District Court's failure to dismiss Count I of the Superseding Indictment against Arenas and Whitlow. We VACATE Clarine's, Arenas's, and Whitlow's sentences and REMAND to the District Court for resentencing in light of (1) *Ameline* and (2) our dismissal of Count I of the Superseding Indictment against Arenas and Whitlow.

AFFIRMED IN PART. REVERSED IN PART. VACATED AND REMANDED FOR RESENTENCING.