**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Rosa Linda CUEVAS, Defendant—
Appellant.**

No. 07–50230.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 2008.

Filed July 17, 2008.

Christopher A. Ott, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

**470**

Shereen J. Charlick, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: TROTT, HAWKINS, and FISHER, Circuit Judges.

## MEMORANDUM *

■ Following a jury trial, Rosa Linda Cuevas ("Cuevas") was acquitted of alien smuggling charges but convicted of making a false statement to a federal officer in violation of 18 U.S.C. § 1001. Because the indictment on this charge completely fails to identify what the alleged false statement was, it failed to apprise Cuevas sufficiently of that which she must be prepared to meet at trial. *Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). Such an indictment also fails to ensure that Cuevas was prosecuted on the same facts actually presented to the grand jury which indicted her. *Id.* at 770, 82 S.Ct. 1038; *see also United States v. Cecil,* 608 F.2d 1294, 1296 (9th Cir.1979) (per curiam).

■ Moreover, even if the indictment did somehow sufficiently convey the allegedly false statement for which Cuevas was actually prosecuted at trial—that the car Cuevas was driving belonged to her boyfriend—the government did not establish that this statement was material. Where, as here, a motion for directed acquittal was made, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Riggins,* 40 F.3d 1055, 1057 (9th Cir.1994) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The evidence demonstrates only the materiality of the *question* of car ownership, and Cuevas admitted that she did not own the car. There is no evidence to demonstrate that Cuevas's *statement*—the false information that the car belonged to Cuevas's boyfriend—had or could have had any bearing on the agents once they already knew the car did not belong to her.

**REVERSED.**

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

