

Thomas M. Goggans, Montgomery, AL, for defendant-appellant.

James E. Wilson, U.S. Atty., Louis V. Franklin, Sr., Montgomery, AL, for plaintiff-appellee.

Before KRAVITCH, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Appellant W. Ray Mullins was convicted and sentenced following his guilty plea to one count of a three-count superseding indictment charging him with unlawfully transporting stolen motor vehicles in interstate commerce, a violation of 18 U.S.C. § 2312. He challenges the district court's finding that his base offense level was due to be increased for "more than minimal planning." We affirm.

Mullins, the owner of a Mississippi car dealership, acquired three new vehicles from three different Alabama dealerships, paying for each car with checks he knew to be worthless. Mullins then transported the cars

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**W. Ray MULLINS, Defendant–Appellant.**

No. 92–7046

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Aug. 4, 1993.

to his dealership in Mississippi where he sold each of them as new vehicles.

In calculating the appropriate sentence under the Guidelines, the district court increased Mullins' base offense level by two points because the offense involved "more than minimal planning" under U.S.S.G. § 2B1.2(b)(4)(B). Mullins contends that the district court erred in finding "more than minimal planning," because he argues that this "was a simple 'bad check' case" involving "typical" planning, and he took no steps to conceal his conduct. The Government argues that more than minimal planning was involved because Mullins committed the offense on three separate occasions and took affirmative steps to acquire the cars before transporting them from Alabama to Mississippi.

The Guidelines provide that more than minimal planning exists in at least three circumstances: (1) where there is "more planning than is typical for commission of the offense in a simple form"; (2) in cases "*involving repeated acts over a period of time, unless it is clear that each instance was purely opportune*"; or (3) where "significant affirmative steps were taken to conceal the offense." U.S.S.G. § 1B1.1, comment. (n. 1(f)) (emphasis added). The commentary to the Guidelines also states in relevant part:

> In a theft, going to a secluded area of the store to conceal the stolen item in one's pocket would not alone constitute more than minimal planning. However, repeated instances of such thefts on several occasions would constitute more than minimal planning.

Over a period of thirty days Mullins purchased three vehicles from three different Alabama dealerships, paying in full with three checks he knew were worthless, then transported the vehicles across state lines. Thereafter, he sold each of the vehicles as new in his dealership. These were "repeated acts over a period of time." *See United States v. Cianscewski*, 894 F.2d 74, 82–83 (3d Cir.1990) (defendant who sold seven stolen U.S. Treasury checks on three prearranged occasions over a three-week period at the same location engaged in more than minimal planning).

The record does not show the unlawful conduct to have been "purely opportune." Acquiring the vehicles in question required certain acts—including identifying a dealer who had the car he was looking for, obtaining a price, and taking delivery of the car. Mullins took these affirmative, premeditated steps before he committed the offense—before he took the cars across the state lines with an intent to deprive the Alabama dealerships of their possessory or ownership rights; therefore, he engaged in more than minimal planning. *See United States v. Barndt*, 913 F.2d 201, 204–05 (5th Cir.1990) (defendant engaged in more than minimal planning when he took discrete steps to position himself for an unlawful sale of government property (copper wire), including acquiring cutting tools, cutting the wire, loading the wire into his vehicle, seeking a buyer, and transporting the wire to the buyer).

Since there was evidence of repeated violations and discrete, premeditated acts prior to commission of the offense, the district court's finding that Mullins' offense involved more than minimal planning was not clearly erroneous. *See United States v. Scroggins*, 880 F.2d 1204, 1215 (11th Cir.1989) (a finding of more than minimal planning is reviewed for clear error), *cert. denied*, 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990).

Mullins' sentence is AFFIRMED.