**[PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
2/19/03
THOMAS K. KAHN
CLERK

_____

No. 97-9251
Non-Argument Calendar

_____

D.C. Docket No. 4:96-CR-20-JRE


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus


BILLY DEAN DANIELS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Georgia

_____

**(August 4, 1998)**

Before GODBOLD, HILL and FAY, Senior Circuit Judges.

PER CURIAM:

Pursuant to a guilty plea, Billy Dean Daniels was convicted on one count of embezzling from an employee-benefit plan, 18 U.S.C. § 664, and four counts of making false statements on loan applications, 18 U.S.C. § 1014. He appeals his concurrent 24-month sentences.

Daniels raises two arguments on appeal: (1) no evidence supported the district court's imposition of a two-level enhancement under U.S.S.G. § 2F1.1(b)(2)(A) for more than minimal planning; and (2) the district court should have reduced the amount of loss by the amount reimbursed by his insurance carrier.

We review for clear error the district court's determination that an offense involved more than minimal planning. See United States v. Mullins, 996 F.2d 1170, 1171 (1993). The same standard of review applies to the district court's amount-of-loss determination. See United States v. Norris, 50 F.3d 959, 960 (11th Cir. 1995).

We have reviewed the plea agreement, the presentence investigation report, the sentencing transcript, and other relevant portions of the record. Having considered those, together with the briefs of the parties, we find no reversible error.

The undisputed facts here showed that Daniels operated "Benefits of Columbus, Inc." (BCI), a company that administered self-funded health benefit plans for employers. From July 1988 to April or May 1993, Brooks Auto Parts, Inc., (Brooks) paid BCI monthly installments to cover employee claims and administrative costs. Daniels was to have placed any excess monies in a trust account for Brooks, but he never did so. Checks issued on

behalf of the Brooks health plan began to bounce in the spring of 1993. Ultimately, Daniels converted for his own use $295,359.90 that was to have been used for the Brooks health plan. This conduct formed the basis of Daniels' embezzlement conviction under 18 U.S.C. § 664.

Daniels also fraudulently acquired two bank loans. He received $15,084 to purchase a horse trailer, pledging the trailer as collateral. In breach of the loan agreement, Daniels sold the horse trailer, used a portion of the proceeds to pay an insurance company, and pocketed the remainder. Thereafter, Daniels wrote a letter to the bank denying that he had sold the trailer. Daniels' second fraudulent loan, in the amount of $89,098, was supposed to be used to purchase a computer, with the computer as collateral. He actually used these loan proceeds to pay toward a pre-existing debt with a computer company and to pay insurance premiums. Daniels submitted to the bank a forged letter, purportedly from the computer company, indicating that he had ordered a computer, when in fact, he had not. These acts resulted in Daniels' convictions for making false statements on loan applications.

Given this factual foundation, Daniels warranted the more-than-minimal-planning enhancement. His embezzlement of funds from the Brooks health plan occurred over a period of nearly five years, and constituted "repeated acts over a period of time" that were not merely opportune. U.S.S.G. § 1B1.1, comment. (n.1(f)); cf. Mullins, 996 F.2d at 1171 (upholding enhancement for defendant who, in 30 days, purchased three vehicles with worthless checks and resold the cars as new). Further, Daniels' submission of falsified and forged letters to the bank, were "significant affirmative steps . . . taken to conceal the offense." U.S.S.G. § 1B1.1, comment. (n.1(f)); cf. United States v. Cannon, 41 F.3d 1462,

3

1467 (11th Cir.) (defendant altered forms and contracts to conceal his use of non-conforming titanium in government-contracted aircraft), cert. denied, 516 U.S. 823 (1995). Finally, that Daniels committed two acts of bank fraud may have justified the enhancement in and of itself. See United States v. Bush, 126 F.3d 1298, 1300 (11th Cir. 1997) ("we are hard-pressed to imagine a scenario in which 'obtaining even one fraudulent loan would not require more than minimal planning'") (quoting United States v. Fox, 889 F.2d 357, 361 (1st Cir. 1989)), cert. denied, 118 S.Ct. 1109 (1998). Accordingly, the district court did not clearly err by adopting the PSI's assessment of a two-level enhancement for "more than minimal planning."

Daniels argues on appeal, as he did below, that the loss should be reduced by $81,250, the amount his errors-and-omissions insurance policy reimbursed Brooks Auto Parts, Inc. This partial reimbursement to Brooks Auto Parts does not change the amount Daniels embezzled, it only substitutes Daniels' insurance company as another victim. The district court ordered Daniels to reimburse his insurance company for the amount it paid Brooks Auto Parts. Daniels does not appeal this determination.

We conclude that the stipulated facts in the plea agreement and the undisputed facts in the presentence investigation report provided a sufficient basis for the district court's imposition of a two-level enhancement under U.S.S.G. § 2F1.1(b)(2)(A) for more than minimal planning. We further conclude that Daniels has shown no clear error in the district court's determination of amount of loss. The fact that some of the embezzled funds were

4

protected by an insurance policy does not necessarily reduce the calculation of the amount of loss for sentencing purposes.

**AFFIRMED.**