[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13036
Non-Argument Calendar

_____

D. C. Docket No. 04-00367-CR-T-30MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 26, 2006)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Timothy Williams appeals his convictions and sentences for conspiracy to

possess more than five kilograms of a mixture containing cocaine with the intent to distribute, 21 U.S.C. §§ 841(a)(1), 846, and aiding and abetting the possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). Williams presents seven arguments: (1) his indictment failed to allege the essential elements of the offenses with which he was charged; (2) the district court erred when it enhanced Williams's sentences because it found Williams was a career offender based on his previous youthful offender convictions; (3) the district court erred when it considered facts beyond the judgment of Williams's previous youthful offender convictions; (4) the district court committed statutory error in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005); (5) the district court committed constitutional error under Booker; (6) the sentences imposed by the district court are unreasonable; and (7) the district court erred when it imposed the sentences based on unreliable or inaccurate facts. Because each argument fails, we affirm.

## I. BACKGROUND

In 2004, Williams was indicted on two counts. Count One alleged that Williams "knowingly and intentionally" conspired to possess five or more kilograms of a mixture containing cocaine with the intent to distribute. Count Two alleged that Williams aided and abetted the possession of firearms in furtherance of

2

a drug trafficking crime. Williams pleaded guilty to both counts.

At the plea colloquy, the government explained that Williams met an undercover agent who pretended to be a disgruntled courier for a Colombian cocaine trafficking organization. The undercover agent informed Williams that his boss had stored eight to ten kilograms of cocaine inside a stash house, and the agent asked Williams if he would rob the stash house. Williams responded that he, Christopher Bell, and Theartis Daniels "were professionals" and would conduct the armed robbery.

Williams, Bell, and Daniels planned to commit the armed robbery on August 4, 2004. That morning, while waiting to meet with Williams, the undercover agent was approached by Bell. Bell stated that he would participate with Williams in the robbery and that "if there were [] police involved, there would be . . . deaths."

Williams, Bell, and Daniels were arrested. Williams and Daniels were found in possession of firearms. Bell later admitted that he and Daniels agreed to rob the stash house with Williams. At the plea colloquy, Williams stated that he understood the charges alleged in the indictment.

The Pre-Sentence Investigation Report for Williams assessed an adjusted offense level of 31 and 8 criminal history points. The PSI assigned three criminal history points because Williams pleaded guilty in 1997 to robbery with a deadly

weapon and aggravated battery under Florida law. For that offense, Williams was sentenced to four years of imprisonment as a youthful offender followed by two years of community control. The PSI assigned an additional three criminal history points for a conviction in 2000 for possession of cocaine with intent to deliver. Williams was imprisoned for 364 days and released in 2003 for that offense. The PSI assessed two more criminal history points because Williams conspired to rob the stash house less than two years after his release in 2003. Because Williams was assigned eight criminal history points, he was assigned a criminal history category of VI and a total offense level of 31, which yielded a recommended guideline range of 262 to 327 months of imprisonment.

Williams objected to the PSI in a sentencing memorandum. Williams argued that his convictions in 1997 could not be used to conclude that he was a career offender because Williams committed the crime when he was 15 years old. Williams also argued that the recommended sentence was unreasonable because an undercover agent suggested the robbery to Williams. Williams requested a sentence of not greater than 15 years.

At the sentencing hearing, Williams did not object to the facts in the PSI, but again objected to the use of his convictions in 1997 to conclude that he was a career offender. In response to this objection, the district court asked, "He shot

4

somebody with a shotgun in that case?" Williams answered in the affirmative, and the district court denied the objection. The government moved for a two-level downward departure for substantial assistance, see U.S.S.G. § 5K1.1, which the district court granted.

The district court also asked Williams if he had threatened to shoot someone during the robbery of the stash house. Williams denied that he had made that threat. The district court considered the statutory sentencing factors, the advisory guidelines range, and testimony from Williams, his grandmother, and his attorney. The court sentenced Williams to 248 months of imprisonment: 188 months for Count One and 60 months for Count Two, followed by five years of supervised release. The court stated that "the sentence imposed was sufficient, but not greater than necessary to comply with the statutory purposes of sentencing."

## II. STANDARD OF REVIEW

We review the sufficiency of an indictment de novo, United States v. Bobo, 344 F.3d 1076, 1082–83 (11th Cir. 2003), but we review arguments first raised on appeal for "plain error," United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005). We likewise review de novo questions of law arising under the United States Sentencing Guidelines, United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005), but reverse for plain error where

the defendant raises the argument for the first time on appeal, <u>Rodriguez</u>, 398 F.3d at 1298.

## III. DISCUSSION

Williams presents seven arguments: (1) his indictment failed to include elements of the offenses with which he was charged, (2) the district court erroneously counted his youthful offender conviction to enhance his sentence for being a career offender, (3) the district court erroneously considered facts beyond his conviction to enhance his sentence, (4) the district court committed statutory <u>Booker</u> error, (5) the district court committed constitutional <u>Booker</u> error, (6) the sentence imposed by the district court was unreasonable, (7) the district court violated due process when it sentenced him based on unreliable and inaccurate facts. Each argument fails. We address each in turn.

### A. *The Indictment Was Not Deficient*.

Williams argues that the indictment was deficient because Count One omitted the element of "voluntariness" and did not specify the dates of the conspiracy and Count Two did not provide a factual nexus between the firearms and the drug trafficking offense. Because Williams challenges the sufficiency of the indictment for the first time in this appeal, he must establish that the indictment "is so defective that it does not, by any reasonable construction, charge an offense

for which the defendant is convicted." United States v. Chilcote, 724 F.2d 1498, 1504–05 (11th Cir. 1984). An indictment is valid if it contains "the elements of the offense intended to be charged." Bobo, 344 F.3d 1076, 1083 (11th Cir. 2003).

The indictment was sufficient. Count One charged Williams, Bell, and Daniels, with "knowingly and intentionally" conspiring to possess more than five grams of cocaine "in or about July 2004, through and including on or about August 4, 2004." Count Two charged Williams, Bell, and Daniels with aiding and abetting the furtherance of "the offense . . . charged in Count One" and listed the firearms that were found in the possession of the defendants. These charges are sufficient because they identified Williams's co-conspirators, tracked the elements of the statutes, See 21 U.S.C. § 841, 18 U.S.C. § 924(c)(1), and stated the estimated time span of the conspiracy and the firearms that the defendants possessed. See Chilcote, 724 F.2d at 1504–05; United States v. Yonn, 702 F.2d 1341, 1348 (11th Cir. 1983). Although Count One did not state the exact dates of the conspiracy, the use of a time span does not render an indictment impermissibly vague. See United States v. Giles, 756 F.2d 1085, 1086 (11th Cir. 1985). Williams was "sufficiently apprise[d] . . . of what he must be prepared to meet." Bobo, 344 F.3d at 1083.

### B. Williams's Conviction in 1997 Was Properly Counted Towards Career Offender Status.

Williams also contends that the district court erroneously counted his

convictions in 1997, when he was 15, to enhance his sentence as a career offender. Under the Sentencing Guidelines, a defendant is a career offender if, inter alia, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). "'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by . . . imprisonment for a term exceeding one year." Id. § 4B1.2 cmt. 1. "A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." Id. Even though a state law classifies a defendant as a youthful offender, a conviction is considered an adult conviction if the defendant was convicted in an adult court and received and served adult sentences. United States v. Pinion, 4 F.3d 941, 944–45 (11th Cir. 1993).

Williams's conviction in 1997 was an adult conviction. Williams was convicted under the Florida Youthful Offender Act, Fla. Stat. § 958.04(1), for robbery with a deadly weapon and aggravated battery. For these offenses, Williams was sentenced to four years in state prison and two years of community control. Because Williams was convicted in an adult court and received and served adult sentences of imprisonment for more than one year, the district court did not

err when it counted Williams's convictions in 1997 in concluding that Williams is a career offender. See Pinion, 4 F.3d at 945.

### C. The District Court Did Not Erroneously Enhance the Sentence Based on Facts Beyond Williams's Convictions.

Williams next argues that the district court erroneously considered facts beyond the fact of his convictions in 1997 to conclude that Williams was a career offender. Williams contends that the district court erroneously asked whether Williams had shot someone in the commission of the armed robbery in 1997. Because Williams raises this argument for the first time on appeal, we review for plain error. This argument fails.

The district court did not consider the shooting to impose the career offender enhancement. Williams's convictions in 1997 and 2000 form a sufficient basis to conclude that Williams is a career offender. See U.S.S.G. § 4B1.1(a). The district court also did not erroneously ask about the shooting because the "history and characteristics of the defendant" are appropriate considerations under the Sentencing Guidelines. 18 U.S.C. § 3553(a). The district court did not err, plainly or otherwise, by enhancing Williams's sentence or inquiring about the shooting.

### D. The District Court Did Not Commit Statutory Error Under Booker.

Williams erroneously argues that the district court committed statutory Booker error. Statutory Booker error arises "when the district court misapplies the

Guidelines by considering them as binding as opposed to advisory." <u>Shelton</u>, 400

F.3d at 1330-31. This argument fails.

The district court did not commit statutory error under <u>Booker</u>. The district

court considered testimony from Williams, his grandmother, and his attorney in

addition to the sentencing factors and the PSI Report. The district court also stated

explicitly that it had "considered the advisory guidelines."

*E. The District Court Did Not Commit Constitutional <u>Booker</u> Error.*

Williams also argues that the district court committed constitutional <u>Booker</u>

error when it enhanced Williams's sentence for a prior crime of violence based on

his 1997 conviction. Constitutional Booker error arises when "a sentence is

increased because of an enhancement based on facts found by the judge that were

neither admitted by the defendant nor found by the jury." <u>Rodriguez</u>, 398 F.3d at

1297 (citations omitted). This argument fails.

Our decision in <u>Glover v. United States</u>, as Williams concedes, forecloses

Williams's argument that the district court erred in enhancing his sentence. 431

F.3d 744, 749 (11th Cir. 2005). First, "<u>Booker</u> left undisturbed the 'prior

convictions' exception to the rule that a jury must find facts that enhance a

sentence." <u>Id.</u> Second, whether a prior conviction is a "crime of violence" is a

question of law, <u>id.</u>, not, as Williams argues, a question of fact. Williams's

10

argument that the guidelines "as a whole" should be declared unconstitutional is meritless. The district court did not erroneously enhance Williams's sentences.

*F. Williams's Sentences Are Reasonable.*

Williams also argues that his sentences are unreasonable in the light of the physical abuse by his father, the involvement of the government in the commission of the offense, and the erroneous belief of the district court that Williams intended to shoot someone during the robbery of the stash house. These arguments fail. The sentences imposed by the district court are reasonable.

The district court considered the relevant sentencing factors. The district court considered the seriousness of the offense, testimony about Williams's troubled childhood, his age, and his educational and treatment needs. See 18 U.S.C. § 3553(a). The district court stated that "the sentence imposed was sufficient, but not greater than necessary to comply with the statutory purposes of sentencing." "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). The involvement of the government is not a mitigating factor. See United States v. Sanchez, 138 F.3d 1410, 1413–14 (11th Cir. 1998). The district court also did not erroneously attribute to Williams the statement he

11

intended to shoot someone during the robbery, because Williams apprised the court that it was Bell who made the threat.

In the light of the sentencing factors, a sentence of 248 months of imprisonment and five years of supervised release is reasonable. The sentence for Count One, 188 months of imprisonment, was at the bottom of the guideline range. The sentence for Count Two, 60 months of imprisonment, was the statutory minimum.

*G. The District Court Did Not Violate Due Process.*

Williams lastly contends that his sentences are a violation of the due process clause of the Fifth Amendment because the facts that the district court relied upon to sentence him were unreliable or inaccurate. Williams argues that the facts presented at the plea colloquy were unreliable because they were made by a co-defendant. Williams also argues that facts were inaccurate because the district court erroneously assumed that Williams had threatened to shoot someone during the robbery of the stash house. Both arguments fail.

To establish that the district court violated due process rights by relying on inaccurate facts to impose a sentence, the defendant must establish two matters: "(1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence." United States v. Taylor, 931 F.2d

12

842, 847 (11th Cir. 1991). Williams argues that the facts presented were unreliable because they were introduced by his co-defendant, but Williams admitted to these facts at the plea colloquy and the sentencing hearing. See United States v. Daniels, 148 F.3d 1260, 1262 (11th Cir. 1998).

The argument by Williams that the district court mistakenly believed that Williams had threatened to shoot someone during the robbery of the stash house fails. Williams immediately explained to the district court that it was Bell who made the threat, and the record does not suggest that the district court failed to credit Williams's statement. The district court did not violate the due process rights of Williams when it imposed the sentences.

## IV. CONCLUSION

Williams's sentences are

**AFFIRMED.**