[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10748
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 29, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-60219-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANY FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 29, 2008)**

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Dany Fernandez appeals from his 97-month sentence for conspiracy to

obstruct commerce by robbery, in violation of 18 U.S.C. § 1951(a). Fernandez

argues that the district court erred in imposing a carjacking enhancement to his

sentence because his co-conspirators' action -- forcibly hijacking a truck from its driver -- was without his personal involvement and was not foreseeable. After careful review, we affirm.

"Under U.S.S.G. § 1B1.3(a)(1)(B), a co-conspirator's sentence 'shall be determined on the basis of . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.'" United States v. Cover, 199 F.3d 1270, 1274 (11th Cir. 2000). "Whether a co-conspirator's act was reasonably foreseeable is a factual finding reviewed for clear error." Id. However, when a party fails to raise an issue in the district court, we review that issue for plain error. United States v. Jones, 289 F.3d 1260, 1265 (11th Cir. 2002). "In order to reverse for plain error, [we] must find that: (1) the district court erred in its determination; (2) the error was plain or obvious; . . . (3) the error affected substantial rights in that it was prejudicial and not harmless[; and] (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotations and brackets omitted).

The carjacking enhancement applies when there has been a "'taking or attempted taking of a motor vehicle from the person or presence of another by

force and violence or by intimidation.'" United States v. Bates, 213 F.3d 1336, 1339 (11th Cir. 2000) (quoting U.S.S.G. § 2B3.1(b)(5) cmt. n.1). An enhancement can be imposed based on undisputed facts in the pre-sentence investigation report, as well as facts that are stipulated to in the plea agreement. See United States v. Daniels, 148 F.3d 1260, 1262 (11th Cir. 1998); see also Jones, 289 F.3d at 1264-66 (holding that it was not plain error for a sentencing court to determine a restitution amount based on undisputed facts in the PSI).

We are unpersuaded by Fernandez's argument that the carjacking enhancement elements were not satisfied. At the plea hearing, Fernandez agreed with the government that one of his co-conspirators hijacked a transport truck. Moreover, in the plea agreement, Fernandez agreed to accept an enhancement for abduction and another enhancement for brandishing a firearm, and he did not object when these enhancements were added into the PSI calculations.[1] Since the conspirators planned to steal a truck, and Fernandez stipulated to enhancements indicating that the conspirators' plans involved the possibility of taking that truck from another person through threat of force, the district court did not commit plain error in applying the carjacking enhancement. Accordingly, we affirm.

**AFFIRMED.**

---

[1] Fernandez's objection to the PSI's firearm enhancement was based on the amount of the enhancement, and not on whether the enhancement was applicable.