**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-10366 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:15-cr- 01118-SPL-2 |
| JAMES JEFFREY HINKELDEY, | MEMORANDUM* |
| Defendant-Appellant, | |

Appeal from the United States District Court
For the District of Arizona, Phoenix
Steven Paul Logan, District Judge, Presiding

Submitted April 14, 2020**
San Francisco, California

Before:  BERZON and IKUTA, Circuit Judges, and LEMELLE,*** Senior District Judge.

Following a two-and-a-half-week jury trial, appellant James Jeffrey

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**        This appeal is ordered submitted on the briefs as of April 14, 2020, pursuant to Fed. R. App. P. 34(a)(2).

\***        The Honorable Ivan L.R. Lemelle, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

Hinkeldey was found guilty of conspiracy to commit mail fraud, wire fraud, aggravated identity theft, transactional money laundering, and related substantive offenses. He contends in this appeal there was insufficient evidence to convict him for aggravated identity theft and the sentence of 365 months is substantively unreasonable. We have jurisdiction under 28 U.S.C. §1291.

To prove the charge of aggravated identity theft, the prosecution must show beyond a reasonable doubt that the defendant: (1) knowingly transferred, possessed, or used a means of identification of another person, without legal authority; (2) knew the means of identification belonged to a real person; and (3) did so in relation to one of the crimes enumerated in 18 U.S.C. § 1028A(c). *United States v. Doe*, 842 F.3d 1117, 1119–20 (9th Cir. 2016). In addition to the elements of §1028A, the jury was instructed on co-conspirator liability in jury instructions stipulated to by the appellant.

Appellant argues because he was unaware of the co-conspirators' actions he cannot be held criminally liable based on the liability concept established in *Pinkerton v. United States*, 328 U.S. 640 (1946). He is incorrect. *Pinkerton* renders all co-conspirators criminally liable for reasonably foreseeable overt acts committed by others in furtherance of the conspiracy they have joined, whether they were aware of the acts of their co-conspirators or not. *United States v. Hernandez-Orellana*, 539 F.3d 994, 1007 (9th Cir. 2008). *Pinkerton* does not

2

require actual knowledge as to the crime committed by a co-conspirator. *See United States v. Castaneda,* 9 F.3d 761, 768 (9th Cir.1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir. 2000).

Appellant does not deny that he actively participated in the scheme and admits to creating falsified documents submitted to the Arizona Corporation Commission in furtherance of the conspiracy. At least 9 of 16 private placement memorandums admitted into evidence at the trial listed Hinkeldey, and at least four contained the appellant's purported background and qualifications, which appellant admits were false and which he helped create to induce prospective investors. Additional trial evidence showed appellant was substantially involved in the conspiracy relative to real estate projects in Mexico, a waste management and recycling operation, and a distressed residence scheme in Arizona. Appellant was an active participant in organizing and facilitating fraud, including the unauthorized use of the identities of others in furtherance of the conspiracy. He also admits to sending false material information in email exchanges with an investor.

A different case would arise if appellant's co-conspirators' actions were far removed from the conspiracy to defraud investors, not done in furtherance of the conspiracy, did not fall within the scope of the fraudulent schemes, or were merely a part of the plan which could not be reasonably foreseen as a necessary or natural

consequence of the conspiracy. However, that is not the case. A rational jury could and did find that appellant and co-conspirators committed aggravated identity theft as a foreseeable means of operating a scheme to defraud hundreds of investors of millions of dollars.

In challenging the substantive reasonableness of his sentence, appellant contends (1) his acts and omissions were far less culpable than a co-conspirator, Jason Mogler, who received a sentence of 292 months; (2) he attempted to bring success to all the investment programs unlike his co-conspirators; (3) his arrival in the investment scheme came after other co-conspirators started their fraudulent actions; (4) he did not siphon off or otherwise receive payments in cash out of investor funds, unlike two other co-conspirators; (5) his background prior to the scheme, unlike co-conspirator Mogler, had no blemishes; (6) his age and family considerations, critical considerations in reaching a fair sentence, were disregarded; and (7) co-conspirator Mogler tried to obstruct the government's investigation through another co-conspirator.

Appellant provides no convincing argument why the sentence, although high, is unreasonable. A district court must explain a sentence sufficiently to permit meaningful appellate review. *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008). The district court gave an adequate explanation for the within-Guidelines sentence. The record shows the district court heard and rejected each

4

of appellant's arguments concerning his comparative role in a complex fraudulent scheme.  For example, the district court explained that it was Hinkeldey, not Mogler, who was the "grand old man" of the fraudulent scheme.  The court was also aware of appellant's age and his wife's medical condition but rejected those factors as grounds to lower the sentence.  *Cf. United States v. Kleinman,* 880 F.3d 1020, 1041 (9th Cir. 2017).  There was explicit consideration given to factors for sentencing under 18 U.S.C. § 3553(a).

The sentence substantially reflects the nature and circumstances of Hinkeldey's offenses and the need for the sentence imposed to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment. 18 U.S.C. § 3553(a)(1)–(2)(A).  *Rita v. United States*, 551 U.S. 338, 351–52 (2007). The sentencing judge pronounced a substantively reasonable sentence that is sufficient but not greater than necessary to accomplish sentencing goals. *United States v. Crowe,* 563 F.3d 969, 977 (9th Cir. 2009).

**AFFIRMED.**