NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ELISHAY BANKS,

Defendant-Appellant.

No.   20-50026

D.C. No. 18CR1228-BEN

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued November 17, 2021
Pasadena, California

Before:  WARDLAW, PARKER,[**] and HURWITZ, Circuit Judges.

Elishay Banks was convicted of conspiring to import methamphetamine, importing methamphetamine, and importing marijuana, and sentenced to 90 months incarceration. 21 U.S.C. §§ 952, 960, 963. She appeals her convictions on all counts as well as her sentence, arguing that (1) there was insufficient evidence

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

to support the convictions, (2) the district court erred at sentencing by failing to grant downward adjustments for a minor role and for acceptance of responsibility, and (3) she received ineffective assistance of counsel. We affirm her convictions and sentence, and we do not reach her ineffective assistance of counsel claim.

1. The evidence was sufficient to convict Banks on each count. Banks was arrested attempting to enter the United States. At the time of her arrest, a large quantity of narcotics—including 42 pounds of methamphetamine—was found secreted in her vehicle. A rational jury could infer knowledge from her possession of a large quantity of drugs hidden in a car. *United States v. Diaz-Cardenas*, 351 F.3d 404, 407 (9th Cir. 2003); *see also United States v. Barbosa*, 906 F.2d 1366, 1368 (9th Cir. 1990) ("[M]ere possession of a substantial quantity of narcotics is sufficient to support an inference that a defendant knowingly possessed the narcotics."). Banks also made misleading and untruthful statements to the arresting agents, another fact from which a jury may infer knowledge. *See United States v. Angwin*, 271 F.3d 786, 797 n.2 (9th Cir. 2001) ("Guilty intent can be inferred from the defendant's conduct . . . such as . . . lying or giving inconsistent statements to government agents . . . ."), *rev'd on other grounds, United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) (en banc). Based on this evidence, as well as the other evidence presented at trial (such as Banks's text message records), we conclude that a rational jury could have concluded that the government had proved the

2

elements of the crimes for which she was convicted. *See United States v. Doe*, 842 F.3d 1117, 1119 (9th Cir. 2016). Accordingly, we affirm each of Banks's convictions.

2. We need not decide whether the district court erred in failing to grant downward adjustments for a minor role or for acceptance of responsibility. The court adequately explained the reasons why it would have imposed the same sentence even if it had granted the adjustments Banks sought. Assuming *arguendo* that the district court might have erred, any such error was harmless. *See Molina-Martinez v. United States*, 136 S.Ct. 1338, 1346 (2016) (indicating harmless error exists when "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range"). Consequently, we affirm the sentence.

3. We decline to review Banks's appeal based on her claim of ineffective assistance of counsel. As a general rule, we do not review challenges to the effectiveness of counsel on direct appeal, which are better left to proceedings brought under 28 U.S.C. § 2255. *United States v. Moreland*, 622 F.3d 1147, 1157 (9th Cir. 2010). Challenge by way of a habeas process is preferable because it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice results. *United States v. Laughlin*, 933 F.2d 786, 788-789 (9th Cir. 1991).

The current record is not sufficiently developed to permit us to conclude

whether Banks received ineffective assistance of counsel. For those reasons, we decline to address the claim of ineffective assistance of counsel.

**AFFIRMED.**