NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  22-10283 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00012-JAM-1 |
| v. | |
| REGINALD LAMONT THOMAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 8, 2023[**]
San Francisco, California

Before:  BEA, BENNETT, and H.A. THOMAS, Circuit Judges.

Defendant-Appellant Reginald Thomas ("Thomas") appeals the district court's judgment of conviction for nine counts of bank fraud under 18 U.S.C. § 1344(2) and one count of aggravated identity theft under 18 U.S.C. § 1028A. Thomas was sentenced to 75 months in prison.  On appeal, Thomas challenges the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sufficiency of the indictment and contends the district court erred in its denial of his motion to dismiss the indictment. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The parties are familiar with the facts of this case, so we do not recite them here. We review a challenge to the sufficiency of the indictment *de novo*. *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013). We affirm.

1. Thomas first argues the indictment was inadequate because the allegations related to the bank fraud counts failed to specify the false statements Thomas made and failed to identify a federally insured financial institution, which is a necessary element of bank fraud under 18 U.S.C. § 1344(2). These arguments lack merit. First, the indictment properly tracks the language of the bank fraud statute and includes the proper mens rea standard. *Id.*; Ninth Circuit Model Criminal Jury Instructions 15.39; *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995) ("An indictment that tracks the words of the statute violated is generally sufficient."). Second, the indictment is not inadequate because it lacks the specific fraudulent statements made. It contains allegations that Thomas used "Victim 1's personal identifying information" to "impersonate Victim 1" so that Thomas could convince Wells Fargo employees to give him access to the victim's bank accounts. No further details were required. *See Mancuso*, 718 F.3d at 790 (A defendant is "not entitled at the time of his indictment to know all of the evidence the government would use to prove the charges against him.").

Third, the indictment properly identified a federally insured institution. An indictment must be "construed according to common sense" and "read to include facts which are necessarily implied." *United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982). The indictment's reference to "Wells Fargo, a federally insured financial institution," necessarily implies that the alleged fraudulent scheme involved a federally insured subsidiary of Wells Fargo. *Cf. Putnam v. United States*, 162 U.S. 687, 690–91 (1896) (holding that the use of the colloquial name "National Granite State Bank" in an indictment for bank fraud was not an error, even though the bank's authorized name was actually "National Granite State Bank of Exeter").

2. Thomas next contends the indictment was inadequate because it lacked sufficient factual particularity and failed to identify that Victim 1 was a "real person" as is a required element of aggravated identity theft under 18 U.S.C. § 1028A. These arguments lack merit. The indictment properly tracks the language of the aggravated identity theft statute and includes the proper mens rea standard. *Id.*; Ninth Circuit Model Criminal Jury Instructions 15.9; *Jackson*, 72 F.3d at 1380. We must read an indictment "as a whole" and "according to common sense." *Buckley*, 689 F.2d at 899. Under this standard, the indictment contained "sufficient facts to facilitate the proper preparation of a defense." *United States v. Cecil*, 608 F.2d 1294, 1297 (9th Cir. 1979) (per curiam). The allegations related to the aggravated identity theft count include a closed time frame, the geographic area in which the incident allegedly took

place, and that Thomas used another's identity "in relation to a felony violation" under "Title 18, United States Code, Section 1344(2) (Bank Fraud)." No additional specificity was required. *See Mancuso*, 718 F.3d at 790.

Finally, the indictment adequately alleged that Victim 1 was a real person. The indictment refers to Victim 1 as "another person" who had a "means of identification." Those details are sufficient to put Thomas on notice that Victim 1 is a real person, whose existence will be proved at trial. *United States v. Doe*, 842 F.3d 1117, 1120–21 (9th Cir. 2016) (holding that the government can prove that a fraud victim is a real person *at trial* simply by proffering evidence that the defendant used the victim's name, date of birth, or social security number to commit the fraud); *cf. Bennett v. United States*, 227 U.S. 333, 338 (1913) (holding that the use of a victim's alias in an indictment caused the defendant no prejudice). Here, too, no additional specificity was required. *See Mancuso*, 718 F.3d at 790.

3. Because the indictment was legally sufficient, we affirm the judgment of conviction.

**AFFIRMED.**